EX PARTE HORACE SETHERS AND D. HAYDEN, *alias* JOHN HAYDEN.

No. 24033. Delivered March 17, 1948.

*John A. Croom* and *John R. Francis*, both of Houston, for relators.

*A. C. Winborn*, Criminal District Attorney, and *E. T. Branch*, Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relators were charged by indictment with an aggravated assault. They were tried in the County Court at Law No. 2 of Harris County, Texas, before a Special County Judge and by him found guilty and given a term of 30 days in jail.

A commitment was issued thereunder which reads as follows:

"The State of Texas   )      In the County Court
                )        at Law No. Two,
Harris County      )      Harris County, Texas.

To the Sheriff of Harris County ----- GREETINGS:

WHEREAS, on the 30 day of October, A. D. 1947, D. *Haden*, alias John Hayden and Horace Sefus, alias Horace Sethers, charged with the offense of aggravated assault, were convicted thereof and the penalty assessed at thirty days in jail each together with the further sum of thirty three & 50-100ths Dollars costs in that behalf expended; you are therefore commanded to take the body of said D. Hayden alias John Hayden and Horace Sefus alias Horace Sethers and him safely keep, until said judgment and costs be paid or satisfied as the law requires.

| | |
|---|---:|
| Fine      30 days in jail each | |
| Trial Fee | 5.00 |
| District Attorneys fees | 10.00 |
| Sheriff | 11.75 |
| Clerk | 6.75 |
| Jury Fee | —— |
| Witnesses | —— |
| Total | 33.50 |

HEREIN FAIL NOT, but of this Writ make due return as the law directs, showing how you have executed the same.

Given under my hand this 26 day of January, A. D. 1948.

J. W. Mills
Clerk County Court at Law No. Two
of Harris County, Texas
By E. E. Hard, Deputy.

Filed: January 26th, 1948. J. W. Mills, Clerk of County Court at Law No. Two of Harris County, Texas.

By Ray Clark, Deputy."

Thereafter, it is shown that such Special County Judge, operating under the Act of the 50th Legislature (1947) Chapter 452, page 1049, et seq., known as the Adult Probation and Parole Law, (and found in Vernon's Ann. C. C. P., Art. 781b, Vol. 3, 1947 Pocket Part), and upon relators' application, entered his order probating these two sentences under and by virtue of the terms of such act. In the meantime, Sheriff Neal Polk of Harris County, as he had a right to do, submitted to the Attorney General of the State of Texas the question relative to whether or not this enactment of the Legislature applied to County Courts of this State. Upon the receipt of the opinion of the Attorney General holding that such act did not apply to the County Courts of this state, the sheriff refused to release these relators, but continued to hold them under the commitment above set forth. Thereupon, relators sued out a writ of habeas corpus before the same County Judge and upon a hearing thereof, he remanded them to the custody of the sheriff. However, in his order therein remanding them, there is set forth the following final statement:

"The foregoing judgment and order overruling and denying the said applications for writ of habeas corpus filed by the applicants herein shall in no manner be construed as action by this Court in modifying, retracting, dissolving, or in any manner repealing the force and effect of the probation heretofore granted to the applicants herein and the order of release as therein provided, which said probation and order to release are still in force and effect.

Thomas M. Ryan
Judge."

Relators then appealed from this order remanding them to the custody of the sheriff under this commitment and gave bond in the sum required, and they are now before this court on proper notice of appeal.

Section 31 of the Act of the 50th Legislature, (page 1057) reads as follows:

"For the purpose of determining when fees are to be paid to any officer or office, the placing of the defendant or (on) probation shall be considered a final disposition of that case, without the necessity of waiting for the termination of the period of probation or suspension of sentence."

This means, as we understand it, that the proper costs of court must be paid before one can be released on probation after conviction. It will be noted from the commitment that relators were committed to the sheriff until the matter of $33.50 in costs were paid. It is not shown herein that such costs had been paid. Therefore, relators were not eligible to parole or probation, nor to be relieved of such commitment until such costs had been paid.

In 31 Tex. Jur. p. 1267, sec. 9, it is said:

"An unconditional pardon does not release the offender from the payment of costs adjudged against him; the right to such costs are individual rights which have become vested in the persons entitled to receive them, and with which the Governor has no power to interfere."

In 11 Tex. Jur. p. 393, sec. 91, it is said:

"The power of the governor to remit fines and forfeitures does not extend to the release of the convicted person from the payment of costs adjudged against him."

In Ex Parte Mann, 39 Tex. Cr. R. 491, 46 S. W. 828, 73 Am. St. Rep. 961, it is said:

"Under our Constitution, 'the Governor has the authority, under such rules as the Legislature may prescribe, to remit fines and forfeitures.' This authority is found in section 11, article 4, of the present Constitution. Following this, the Legislature has enacted that, 'in all criminal actions, except treason and impeachment, the Governor shall have power after conviction to remit fines, to grant reprieves, commutations of punishments and pardons.' See Article 1016, Code Crim. Proc. And, following this idea, our Supreme Court, in State v Dyches, 28 Texas, 535, held that the Governor had no authority to remit the costs. It seems to be a rule of almost universal application that the remission by pardon of a fine or forfeiture can not divest an interest in either which by law is vested in a private

pereson or persons. In some of the States they seem to draw a distinction between the remission of punishment before and after sentence. In this State, no such distinction can arise, because, under the terms of the Constitution, the pardoning power can not be exercised at all until after conviction. Const. are. 4, sec. 11."

See large list of cases set forth on page 494 of 39 Tex. Cr. R. supra. See also Villines v. State of Arkansas, 151 S. W. 1023, 43 L. R. A. (N. S.) 207, and the Tennessee case of State ex rel Barnes v. Garrett, 188 S. W. 58.

We think this cause was prematurely brought under Section 31 of the Act of the 50th Legislature. Evidently the sheriff, under the commitment held by him, was entitled to hold relators until the costs had been paid, and there is no showing present in the record that such payment had been made.

Under the order of the court herein, the sheriff doubtless found himself in a position of halting between two opinions. In the main portion of the trial court's order, the sheriff is directed to hold relators under their commitment to jail for 30 days, and yet the court expressly directs that such jail commitment shall in no wise modify, retract, dissolve, or in any manner repeal or affect his previous order setting aside the 30-day jail penalty and granting the probation of relators. We confess our inability to see how he can hold them under their 30-day commitment and also at the same time discharge them therefrom under the order probating their punishment and relieving them from such 30 days' imprisonment.

It is not intended hereby to hold that upon a payment of this bill of costs relators would be entitled to their discharge under the Adult Probation and Parole Law. We leave the validity of such law for the future in a case properly before us calling for a construction of its validity.

Under Section 31 of the Act of the 50th Legislature, this action was prematurely brought, and construing the order of the trial court as a remand of relators to the sheriff, we are of the opinion that this cause should be affirmed, and it is so ordered.