EX PARTE FLOYD DANIEL MORGAN
*alias* JUNIOR MORGAN.

No. 26,566. November 11, 1953.
State's Motion for Rehearing Denied December 9, 1953.

*Sanders & Stanford,* Canton, for appellant.

*Joe Tunnell,* Criminal District Attorney, Canton, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant here, relator in the court below, was convicted, on the 13th day of April, 1949, upon his plea of guilty before the judge of the county court of Van Zandt County, of the misdemeanor offense of driving an automobile upon a public highway while intoxicated, alleged to have been committed on April 8, 1949, the punishment being assessed at confinement in jail for one year.

The plea of guilty was entered and punishment assessed under the following circumstances:

Appellant lived with his father and mother, and for some time past had been guilty of various misdemeanors, as a result of which his father had been required to pay considerable sums of money in fines and court costs.

When appellant was charged with the offense on April 8, 1949, the mother and father decided that it would be to the best interest of appellant that a sentence of one year in jail should be assessed against him, with the understanding and agreement with the court, as well as the sheriff, that appellant would be confined in jail upon such judgment only a few days and then be released upon probation during good behavior for the balance of his term. The judge and the sheriff concurred with the mother and father in their wishes, all of which were kept secret from the appellant.

Appellant was brought before the court, entered his plea of guilty, and was assessed a term of one year in jail. The sheriff said that when the sentence was pronounced, appellant "'hit the ceiling' and became angry at his mother and father."

Appellant was duly placed in jail to serve the sentence imposed. A few days later, he was carried before the county judge, who instructed the sheriff that appellant's sentence was probated during his good behavior. However, no order of probation was entered of record.

Upon that order of the county judge, appellant was released from custody and no further effort was made to have him serve the remainder of the term until about four years later, in March, 1953, when he was arrested and taken into custody to serve the unexpired portion of the jail sentence as a result of an accusation of aggravated assault filed against him at the time.

By writ of habeas corpus, appellant sought his discharge from further custody under the jail sentence, claiming that, under the facts stated, the term of imprisonment had been fully satisfied long prior to March, 1953.

The judge of the district court of Van Zandt County, who issued the writ, refused the relief prayed for and, without allowing credit for any of the time appellant was at liberty, remanded him to the custody of the sheriff to serve the unserved portion of the one-year jail sentence originally imposed.

This appeal is from that order.

Appellant insists that Ex parte Griffin, 158 Tex. Cr. Rep. 570, 258 S. W. 2d 324, is direct authority supporting his contention.

The respondent insists that Ex parte Wyatt, 29 Tex. App. 398, 16 S. W. 301, is direct authority supporting the trial court's ruling.

Thus the issue for determination is directly presented.

In Griffin's case, supra, as here, there was a misdemeanor conviction carrying a jail sentence as punishment. Such sentence was probated by the trial court, purportedly under the authority of the Adult Probation and Parole Law, Art. 781b, V. A. C. C. P. Long after the expiration of the period of probation, Griffin was arrested and placed in jail to serve the remainder of the jail sentence, such arrest and confinement being by reason of the fact that the Adult Probation and Parole Law did not apply in misdemeanor cases. (Ex parte Hayden, 152 Tex. Cr. R. 517, 215 S. W. 2d 620.)

We held Griffin to be entitled to credit upon his jail sentence during the time he was upon probation, and ordered his discharge from further custody under the judgment.

As to respondent's contention: Art. 42, C. C. P., reads as follows:

"Custody of prisoners.

"When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person so arrested a reasonable time to procure bail; but, he shall so guard the accused as to prevent escape."

This court had occasion to construe said statute in Ex parte Wyatt, supra. In that case, as here and as also in the Griffin case, a jail sentence was assessed in a misdemeanor case. The sheriff, instead of placing Wyatt in jail, entered into an agreement with him whereby he was permitted to remain at large because of his affliction with rheumatism at the time and would serve the jail sentence when he was able to do so. When Wyatt was arrested some time later after the expiration of the time fixed as the jail term and was placed in jail to serve the sentence, he sought his discharge by writ of habeas corpus, claiming that during the time he was at liberty under the agreement with the sheriff he was in legal custody and had therefore served the sentence imposed long prior to his restraint.

This court held that the provisions of the statute mentioned precluded the sheriff from entering into such agreement and that Wyatt, during the time he was at liberty, occupied the position of an escaped prisoner and was therefore not entitled to credit for any time he was at liberty.

On the other hand, in Ex parte Griffin, supra, the defendant complied with the conditions placed upon him during his probation period, and it was not shown that he secured his release upon any unlawful agreement entered into with the judge or the sheriff.

There is no question, here, but that the appellant was at liberty as the direct act of the county judge, for the sheriff testified, without contradiction, as follows:

"I did not at any time, release the defendant upon my own authority or agreement with him. He was released by the authority of the County Judge."

Here, the defendant was not shown to have entered into any agreement regarding his release, and no conditions imposed by the trial judge in connection with his release are shown to have been violated during the time of probation.

It is apparent that the provisions of Art. 42, C. C. P., are not here applicable, and that the holding in the Griffin case is here applicable and controlling.

The judgment of conviction, in addition to assessing the jail penalty, also decreed that appellant pay all costs of prosecution. The order of commitment followed that part of the judgment.

There is nothing in the record showing that appellant has paid or otherwise satisfied the court costs.

Probation of the jail sentence does not include or satisfy the court costs. Ex parte Sethers, et al, 151 Tex. Cr. R. 553, 209 S. W. 2d 358.

Unless and until the court costs have been satisfied, we cannot say that the appellant is entitled to his absolute discharge from custody.

The judgment of the trial court in remanding appellant to the custody of the sheriff is affirmed, with instructions to discharge appellant from custody when he shall have paid or otherwise satisfied the costs of prosecution, as authorized by law.

Opinion approved by the court.

GRAVES, Presiding Judge (Concurring).

The writer confesses that this is the first time he remembers having seen a cause before us in such a condition as the present one. Undoubtedly the trial court had the power to sentence the relator to spend one year in the county jail. This is exactly what he did. However, the court had no power to promise the relator's parents, or to tell the sheriff, that at the end of ten days this man was to be released with his one-year imprisonment still existing as the solemn judgment of the trial court. See Ex parte Hayden, 152 Tex. Cr. R. 517, 215 S.W. (2d) 620; Ex parte Sether, 151 Tex. Cr. R. 553, 209 S.W. (2d) 358.

The court should have committed the relator for the time mentioned in his judgment and for that time only. Regardless

of what the judge might have told the sheriff, this man should not have been allowed to play fast and loose with the judgment of a court of record in this state.

Surely the secret agreement arrived at by parents of persons charged with an offense should not control the judgment of a court properly rendered. However, according to the Griffin case, supra, the time long since having passed in which the relator could be legally confined upon the judgment entered by the county court which sentenced him to one year in the county jail, he is entitled to his discharge. Under these circumstances, I see nothing else to do except to agree to his discharge at the present time since the trial court has found itself in such a peculiar position which is also presented to this court.

I therefore concur in the result expressed in the original opinion herein.

### ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

The earnest prosecuting attorney has filed a motion for rehearing in which he asserts that the majority and concurring original opinions herein, along with Ex parte Griffin, 158 Tex. Cr. Rep. 570, 258 S. W. 2d 324, on one side are in direct conflict with Ex parte Hayden, 152 Tex. Cr. Rep. 517, 215 S. W. 2d 620, and with Ex parte Wyatt, 29 Tex. App. 398, 16 S. W. 301, on the other.

We do not so view the holdings. If the sheriff in the case at bar had refused to obey the order of the judge to release the relator, this court would, in all probability, have supported him in his position under authority of the Hayden case. This he did not do, but let him go, and now at a later date has arrested relator and seeks to require him to serve his term in jail.

In the Wyatt case it was the prisoner who asked for the leniency which we held the sheriff had no authority to grant him. This was not so in the Griffin case. There the judge sent the officer to bring the prisoner before him, and then told the prisoner to go home just as was done in the case at bar.

Therein lies the distinction that we tried to make clear in the Griffin case.

Any other holding than that in the Griffin case and this case would be fundamentally unsound for two reasons: (1) It would require one who had requested no relief, but who had been told to leave his place of confinement by those who confined him, to refuse to leave and demand that he be allowed to finish serving his sentence at that time in order to ever be free from the clutches of the law. Such conduct on the part of a prisoner would be inconsistent with human nature as we know it. (2) It would place in the hands of those charged with enforcing the law the power to keep a prisoner in a form of peonage by requiring him to serve his sentence at whatever times and for such length of time as the whim of the officer might dictate.

The state's motion for rehearing is overruled.