

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 18, 1963

Honorable Edna Cisneros       Opinion No. C-195
County Attorney
Willacy County                Re:  Questions regarding
Raymondville, Texas                the assessment and
                                   collection of fees
Dear Miss Cisneros:                in felony cases.

You have requested the opinion of this office as
to certain questions regarding the assessment and collec-
tion of fees by prosecuting attorneys and district clerks
in felony cases.  Willacy County has a population of 20,081,
and cast over 3,000 votes at the preceding presidential
election.

> "1.  What fee is allowed the prosecuting
>      attorney in a non-reducible felony
>      case other than a felonious homicide
>      and is it to be taxed as court costs
>      even though the State of Texas does
>      not pay such fee to said attorney?"

Several statutes are pertinent to this and succeeding
questions, and will be quoted in part:

Article 1018, Vernon's Code of Criminal Procedure:

> "When the defendant is convicted, the
> costs and fees paid by the State under this
> title shall be a charge against him, except
> when sentenced to death or to imprisonment
> for life, and when collected shall be paid
> into the State Treasury."

Article 1019, Vernon's Code of Criminal Procedure:

> "If the defendant is indicted for a
> felony and upon conviction his punishment
> is by fine or confinement in the county
> jail, or by both such fine and confinement
> in the county jail, or convicted of a mis-
> demeanor, no costs shall be paid by the
> State to any officer.  All costs in such

cases shall be taxed, assessed and col-
lected as in misdemeanor cases."

Article 1025, Vernon's Code of Criminal Procedure:

"In each county where there have been
cast at the preceding presidential elec-
tion 3000 votes or over, the district or
county attorney shall receive the following
fees:

"For all convictions of felony when
the defendant does not appeal, or dies or
escapes after appeal and before final judg-
ment of the appellate court, or when the
judgment is affirmed on appeal, twenty-four
dollars for each felony other than felonious
homicide, and forty dollars for each such
homicide.

"   . . ."

Article 1061, Vernon's Code of Criminal Procedure:

"District and county attorneys shall be
allowed the following fees in cases tried
in the district or county courts, or a county
court at law, to be taxed against the defend-
ant:

"For every conviction under the laws
against gaming when no appeal is taken, or
when, on appeal, the judgment is affirmed,
Fifteen Dollars ($15.00);

"'For every other conviction in cases
of misdemeanor, where no appeal is taken,
or when, on appeal the judgment is affirm-
ed, Fifteen Dollars ($15.00)."

With reference to the first question asked, Article
1025, Vernon's Code of Criminal Procedure, patently requires
that the prosecuting attorney receive a fee of $24.00 where
there has been a conviction for a felony other than felonious
homicide. It is noted that the county officials of Willacy
County are on a salary basis, and that Article 3912e, Vernon's
Civil Statutes, prohibits the payment by the State or county

of any fees to such officers; rather, all fees or commissions which the county officer is entitled to collect are still to be assessed, but paid into the Officers' Salary Fund of the individual county. Thus, while the prosecuting attorney may not himself receive the fee provided for in Article 1025, such costs should be taxed as costs of court, and, if recovered, paid into the Officers' Salary Fund.

> "2. What fee is allowed the prosecuting attorney in a felony case where the punishment assessed is a fine or jail sentence or both?"

Article 1019, quoted above, provides that the costs in this type of situation are to be determined as in misdemeanor cases. Article 1061, Vernon's Code of Criminal Procedure, requires that, in cases of misdemeanor conviction, the prosecuting attorney is to be allowed a fee of $15.00, and such fee is to be assessed and collected as outlined in the answer to Question No. 1, above. Further, Article 950, Vernon's Code of Criminal Procedure, authorizes the collection of 10% of all fines collected.

> "3. What fee is allowed the prosecuting attorney in a reducible felony case where the defendant is not punished by confinement in the county jail or assessed a fine, but punished by confinement in the penitentiary?"

The defendant here has been convicted of a felony, and thus the answer to this question is the same as the answer to Question No. 1.

> "4. What fees are allowed a District Clerk in felony cases in Willacy County, or stated another way, what fees should the District Clerk enter in the fee book on felony cases?"

The District Clerk should enter the fees provided for in Article 1026, Vernon's Code of Criminal Procedure. It should be noted that, since the State no longer pays any fees, the $8.00 fee provided for in this statute can only be assessed upon a conviction for felony. Thus no entry should be made in the District Clerk's fee book until after conviction.

"5.  Whether the payment of court costs
in felony cases where a defendant is
granted probation can be included as
one of the terms and conditions of
such probation?"

In the cases of Ex Parte Sethers, 151 Tex.Crim. 553, 209
S.W.2d 358 (1948), and Ex Parte Morgan, 159 Tex. Crim. 241, 262
S.W.2d 728 (1953), it was held that the payment of court costs
was a necessary prerequisite to discharge from custody under
probation.  However, in neither of these cases were the payment
of court costs made a condition of probation.  In view of the
fact that Section 6 of Article 781d, Vernon's Code of Criminal
Procedure, the Adult Probation and Parole Law of 1957, gives
to the court jurisdiction to impose a wide range of conditions
in granting probation, it is the opinion of this office that
the payment of court costs may be included as one of the con-
ditions imposed.  If the payment of proper court costs is not
made a condition of the probation order, of course the court
costs are due and payable at the time the probation order is
entered.  Article 781d, Sec. 11, Vernon's Code of Criminal
Procedure.

## SUMMARY

If a defendant is convicted of a felony
other than homicide, in a county where more
that 3,000 votes were cast in the preceding
presidential election, the prosecuting at-
torney is allowed, by Article 1025, Vernon's
Code of Criminal Procedure, a fee of $24.00.
This fee is to be taxed as court costs, and,
when collected, is to be paid into the Offi-
cers' Salary Fund.

If a defendant is charged with a felony
but the punishment assessed is a fine or jail
sentence or both, Article 1061, Vernon's Code
of Criminal Procedure, requires a fee of $15.00,
and Article 950, Vernon's Code of Criminal Pro-
cedure, requires the collection of 10% of the
amount of the fine, both of which are to be
taxed and collected as above.

The District Clerk of Willacy County
should enter in the fee book the fees pro-
vided for in Article 1026, Vernon's Code of
Criminal Procedure, in cases of felony con-
viction.  Such fee entry should not be made

until conviction is had.

In cases where probation is granted, the payment of court costs can be included as one of the terms and conditions of such probation.

Yours very truly,

WAGGONER CARR
Attorney General

By *Malcolm L. Quick*

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
V. F. Taylor
Allo Crow
John Reeves
Bill Allen

APPROVED FOR THE ATTORNEY GENERAL
By:  H. Grady Chandler