

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 11, 1966

*See Article 42.12 Sec. 6 Art 12 V.C.C.P.*

Honorable Bruce L. Miller
County Attorney
Deaf Smith County
Hereford, Texas

Dear Mr. Miller:

Opinion No. (C-648)

Re: Assessment of fine, court costs, and costs of probation under the Misdemeanor Probation Law of 1966.

In an opinion request of this office you pose the following questions:

> When a person is placed on probation in accordance with the terms of the Misdemeanor Probation Law of 1966, Article 42.13, Code of Criminal Procedure, 1966, may the court cause the collection of the fine and costs assessed against the defendant prior to the time the probation is revoked.

> When a person is placed upon probation in accordance with the terms of Article 42.13 may the court collect monthly payments from said person for the costs of probation.

Your first question is answered in the affirmative and a court, after placing a defendant on probation, in accordance with the terms of Article 42.13, may legally cause the collection of such fine and costs as the court may order prior to the revocation, if any, of said probation. It is first noted that before any person may be granted a probation under the terms of this act, he must first apply in writing to the court for said probation. In other words, he must ask for it. By so doing, said person certainly impliedly agrees to accept at least those terms of probation ordered by the court which are in accord with Section 5 of Article 42.13. One of those terms is as follows:

> "(b) . . . .The terms /of probation_7 must include, but are not limited to the requirements that a probationer:

(8)  Pay his fine, if the court so orders and, if cne be assessed, in one or several sums, . . ."

It is our opinion, therefore, that since the defendant who is requesting probation agrees to abide by the terms of the probation as ordered by the court and authorized by Article 42.13, a court may legally cause the collection of any fine prior to revocation of said probation.  It is also our opinion that the court may require the collection of costs prior to the revocation of said probation.  In Ex Parte Sethers, 209 S.W. 2d 358 (Tex. Crim. 1948) the Probation and Parole Law which required that the placing of the defendant on probation shall be considered final disposition of the case for the purpose of determining when fees are payable to any officer means that proper court costs must be paid before a defendant can be released on probation after conviction.  We of course realize that the statutes are not identical, but we believe that the same reasons apply here as it did in Ex Parte Sethers.

Your second question is answered in the negative. We find no provision in the Code of Criminal Procedure or any other statute permitting costs of probation to be assessed are not limited to those set out in Article 42.13 Section 5.    However, since we are unable to find any authority for a court to assess such costs against defendant under any circumstances, it is our opinion that such costs of probation may not be assessed against a defendant.  This would, in effect, allow a court to increase the penalty for a violation of the law, to an amount greater than that provided by the Legislature.

# S U M M A R Y

After placing a defendant on probation in accordance with Article 42.13, C.C.P., the court may legally cause the collection of any fine and costs prior to revocation of such probation.  Under these same circumstances, a court may not legally collect monthly payments from said defendant to cover the costs of probation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Sam Kelley_
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny Zwiener
Robert E. Owen
W. O. Shultz
Thomas Mack

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright