

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

July 29, 1996

The Honorable John Sharp
Comptroller of Public Accounts
LBJ State Office Building
P.O. Box 13528
Austin, Texas 78711-3528

Opinion No. DM-407

Re: Whether a trial judge who, in accordance with Code of Criminal Procedure article 42.12, places a defendant on community supervision may allocate money the defendant is to pay as fees, costs, and fines as the judge chooses and related question    (RQ-802)

Dear Mr. Sharp:

You have requested our opinion regarding the allocation of payments of certain state court costs, fees, and fines. You refer to certain court costs and fees a defendant is required by statute to pay upon conviction of an offense. For example, section 415.082(a) of the Government Code requires a convicted defendant to pay "as court costs $1.50 in addition to other taxable court costs," which amount is to be deposited into the Bill Blackwood Law Enforcement Management Institution of Texas fund in the state treasury. Similarly, section 56.001(b) of the Government Code requires a convicted defendant to pay $1, in addition to other court costs, which amount is to be deposited into the judicial and court personnel training fund in the state treasury. *See also* Gov't Code § 56.001(a). A convicted defendant also must pay a security fee as a cost of court, which the recipient county is to deposit into its courthouse security fund. Code Crim. Proc. art. 102.017. Numerous other statutes require the payment of similar fees and costs upon the conviction of a defendant.[1]

---

[1]*See, e.g.,* Code Crim. Proc. arts. 56.55 (requiring defendant to pay, on conviction, court costs of set amount), 102.001(b) (requiring defendant to pay fee for mileage required of peace officer in connection with defendant, *e.g.,* conveying convicted defendant to county jail), .002(c) (deeming convicted defendant liable for fees for witnesses in defendant's case), .003 (requiring defendant convicted in county court or county court at law to pay trial fee of $10), .004(a) (requiring defendant convicted by jury to pay jury fee), .005(a) (requiring defendant convicted in county court, county court at law, or district court to pay fee of $40 for services of clerk of court), (c) (requiring convicted defendant whose driver's license is automatically suspended to pay fee of $10 to clerk of court), (d) (requiring defendant convicted in county court, county court at law, or district court to pay fee of $10 for records management and preservation services), .008 (generally requiring defendant convicted of misdemeanor or gambling offense to pay fee of $25 for services of district or county attorney), .011 (requiring defendant convicted of felony or misdemeanor to pay fees for certain services performed in case by peace officer), .013(a), (e) (requiring defendant convicted of offense other than misdemeanor punishable by fine only to pay fee of $2 for benefit of crime stoppers assistance account), .015(a) (requiring defendant convicted of certain misdemeanors to pay court cost of $2.50), .016(a), (h) (requiring defendant convicted of certain offenses under Penal Code chapter 49 to pay court cost of $30 to help defray costs of maintaining certified alcohol breath testing program), .017(a) (requiring court to impose costs attendant to intoxication convictions), .051(a) - (c),

Additionally, you state that a court may order a convicted defendant to pay other fees or fines. Unfortunately, you continue, a convicted defendant often does not or cannot pay all of the court costs and fines that are required by law to be paid or that are assessed by the court. In cases in which a convicted defendant pays only part of the costs, fees, and fines, you indicate that courts, clerks of court, and your office are uncertain as to how to handle the money that is actually received. You therefore ask how the clerk of the sentencing court should allocate the payment made by the defendant.[2] You also ask whether a trial judge may allocate the payment collected from the defendant entirely for the purpose set forth in article 42.12, section 19(b). We will consider your questions in reverse order.

You included with your letter an inquiry, which apparently motivated your request to this office, that you received from the chair of the Judicial Advisory Council to the Texas Board of Criminal Justice and the Community Justice Assistance Division of the Department of Criminal Justice. The writer declares that his interest is limited only to those convicted defendants whom the trial judge places on community supervision. We will, accordingly, limit our response to costs, fees, and fines received from a convicted defendant who is placed on community supervision.

Article 42.12 of the Code of Criminal Procedure pertains to community supervision.[3] The term "community supervision" denotes

> the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:
>
> (A) criminal proceedings are deferred without an adjudication of guilt; or

---

(footnote continued)
.055 (requiring certain defendants to pay misdemeanor and felony costs to benefit criminal justice planning fund), .081(a) - (b), .085 (requiring defendant convicted under V.T.C.S. arts. 6701d, 6701c-3, to pay specified court costs to benefit comprehensive rehabilitation fund).

[2]We understand you to ask, by this question, whether the clerk of a sentencing court may disobey the trial judge's order allocating the defendant's payment and instead allocate costs consistently with your interpretation of the statutes. We do not address how a clerk must allocate the defendant's payment in the absence of a court order allocating the payment.

[3]The legislature amended article 42.12 in 1993 to change the terms "probation" and "deferred adjudication" to "community supervision." *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716-42. The Seventy-third Legislature desired to "replace the concepts of probation and deferred adjudication with a single program of community supervision." House Research Org., Bill Analysis, S.B. 1067, 73d Leg., R.S. (1993). Any reference in law to "probation" or "deferred adjudication" means "community supervision." *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.04(a), 1993 Tex. Gen. Laws 3586, 3743.

> (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.[4]

Code Crim. Proc. art. 42.12, § 2(2) (footnote added).

Section 1 of article 42.12 declares as the purpose of the article

> to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. It is the purpose of this article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of community supervision in the public interest.

In furtherance of this purpose, section 3(a) of article 42.12 authorizes a judge to suspend the imposition of a defendant's sentence if the judge considers the suspension to be "in the best interest of justice, the public, and the defendant." A judge who decides to suspend the defendant's sentence may place the defendant on community supervision, with or without imposing a fine applicable to the offense. *Id.* § 3(a). In certain circumstances, a defendant is ineligible for community supervision.[5] *See id.* §§ 3(e), 3g(a).

Article 42.12, section 11(a) requires the judge of the court having jurisdiction of the case to set the conditions of community supervision for each particular defendant.

> The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. Conditions of

---

[4]A judge must suspend the imposition of the sentence and place a defendant on community supervision if the jury properly makes such a recommendation in its verdict. Code Crim. Proc. art. 42.12, § 4(a). A judge also may place a defendant under community supervision after deferring adjudication of guilt. *Id.* § 5(a).

[5]Specifically, a defendant is ineligible for community supervision if the defendant is sentenced to a term of imprisonment greater than ten years or is sentenced to a term of confinement under Penal Code section 12.35 (state jail felony). Code Crim. Proc. art. 42.12, § 3(e). In addition, a defendant who is convicted of the following offenses is ineligible for community supervision: murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, or aggravated robbery. *Id.* § 3g(a)(1). A defendant is ineligible if the defendant knowingly used or exhibited a deadly weapon during the commission of a felony or flight or aided in the commission of the felony and knew that a deadly weapon would be used or exhibited. *Id.* § 3g(a)(2). Such an ineligible defendant may be released to community supervision after serving sixty days in the custody of the Texas Department of Criminal Justice's institutional division. *Id.* § 3g(b).

community supervision may include, but shall not be limited to, the conditions that the defendant shall:

. . .

(8) Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums.

Section 19 of article 42.12 pertains specifically to fees. Subsection (a) generally requires a judge granting community supervision to order the defendant to pay to the court a fee "of not less than $25 and not more than $40 per month" during the community supervision period. Code Crim. Proc. art. 42.12, § 19(a). The judge must deposit the fee into a special fund in the county treasury, to be used to provide facilities, equipment, and utilities for a community corrections facility.[6]  *Id.* § 19(b). Section 19 authorizes or requires a court to order a fee in other situations. *See id.* § 19(c), (e), (g) (pertaining to defendant placed under supervision pursuant to Uniform Act for out-of-state probationer and parolee supervision, Code Crim. Proc. art. 42.11; certain articles of Penal Code; and defendant required to register as sex offender). Section 19 also provides that, "[f]or the purpose of determining when fees due on conviction are to be paid to any officer or officers, the placing of the defendant on community supervision shall be considered a final disposition of the case, without the necessity of waiting for the termination of the period of community supervision."[7] *Id.* § 19(d).

---

[6]Chapter 509.001(1) of the Government Code defines "community corrections facility" as

a physical structure, established by a judicial district after authorization of the establishment of the structure has been included in the local community justice plan, that is operated by a [community supervision and corrections department established under Government Code chapter 76 (a "department")] or operated for a department by an entity under contract with the department, for the purpose of confining persons placed on community supervision and providing services and programs to modify criminal behavior, deter criminal activity, protect the public, and restore victims of crime. The term includes:

(A)   a restitution center;

(B)   a court residential treatment facility;

(C)   a substance abuse treatment facility;

(D)   a custody facility or boot camp;

(E)   a facility for an offender with a mental impairment . . . ;

(F)   an intermediate sanction facility; and

(G)   a state jail felony facility.

[7]*See* Attorney General Opinion V-649 (1948) at 1 (providing that substance of what is now Code Crim. Proc. art. 42.12, § 19(d) "makes plain that all . . . fees become due and payable at the time the defendant is placed on probation so that process may issue therefor. . . . The assessment and collection of costs is not affected by placing the defendant on probation").

In a situation in which a defendant cannot afford to pay all of the costs, fees, and fines that the statutes require or authorize a court to exact from a convicted defendant, your office distinguishes between those costs, fees, and fines that you believe are mandatory and those that are discretionary. In your view, a cost, fee, or fine that a statute, including article 42.12, requires a court to charge a convicted defendant has priority over a cost, fee, or fine that a statute authorizes, but does not require, a court to charge a convicted defendant. You believe that a court may not waive a mandatory cost, fee, or fine may in favor of a discretionary cost, fee, or fine. You further maintain that, in the event of a shortfall, all mandatory costs must be pro rated.

You base your interpretation of the law on Attorney General Opinion M-1076. In that opinion, this office considered whether, when a convicted defendant pays only part of the court costs, the Criminal Justice Planning Fund is allocated all or part of the defendant's payment before monies due various county departments are allocated. Attorney General Opinion M-1076 (1972) at 1. As the opinion stated, the Criminal Justice Planning Fund, which is now established in Code of Criminal Procedure chapter 102, subchapter B, provides for convicted defendants to pay a cost of court for the "establishment and maintenance of the criminal justice system." *Id.* at 2; *see* Code Crim. Proc. art. 102.056.

The opinion notes that the statutory predecessor to chapter 102, subchapter B of the Code of Criminal Procedure "authorizes certain fees to be collected as a cost of court,"[8] but the statute does not provide these fees priority over other costs of court. Attorney General Opinion M-1076 (1972) at 2. In addition, the opinion continues, the statute does not expressly authorize a court to prorate the costs should a convicted defendant pay only a portion of the costs due. *Id.*

The opinion cited three prior opinions[9] addressing a situation in which a court collected from the convicted defendant only a portion of the fine and costs. *Id.* at 3. In such a situation, "such money as collected should go the payment of the costs and the balance, if any, to the payment of the fine." *Id.* If, however, a court does not collect enough to pay all of the costs, "the money should be pro rated" unless one cost has priority over another. *See id.* at 3.

Given the lack of an express legislative directive to the contrary, Attorney General Opinion M-1076 determined that costs taxed and owed to the Criminal Justice Planning Fund have no priority over other costs of court. *Id.* In the event a defendant satisfies only a portion of the costs with cash, court costs, including those due the Criminal Justice Planning Fund, must be pro rated. *Id.*

---

[8]*But see* Code Crim. Proc. art. 102.051(a) - (c) (providing that convicted defendant "shall" pay court cost allocated to Criminal Justice Planning Fund).

[9]*See* Attorney General Opinions O-1792 (1940), O-755 (1939), O-469 (1939).

We have no reason to believe that Attorney General Opinion M-1076 incorrectly states the law. Nevertheless, we do not believe it applies to costs, fees, and fines imposed upon a convicted defendant whose sentence is suspended and who is placed on community supervision in accordance with article 42.12 of the Code of Criminal Procedure. Notably, Attorney General Opinion M-1076 found no express statutory directive to warrant satisfying the payment to the Criminal Justice Planning Fund over other required costs and fees. With respect to article 42.12, on the other hand, we find express authorization for a judge to impose and allocate costs, fees, and fines as the judge feels will "protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *See* Code Crim. Proc. art. 42.12, § 11(a). Because of its express authorization, article 42.12 falls outside of the scope of the pro rata rule developed in Attorney General Opinion M-1076.

Article 42.12, section 11(a) of the Code of Criminal Procedure explicitly provides that the judge "may include" in the court order a mandate that the defendant pay a fine "and all court costs." Code Crim. Proc. art. 42.12, § 11(a)(8). The statute's use of the word "may" indicates that the judge is permitted to include such a term in the court's order, but the judge is not required to do so. *See* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 354 (1987); BLACK'S LAW DICTIONARY 883 (5th ed. 1979); 67 TEX. JUR. 3D *Statutes* § 103, at 680 (1989). The plain language of section 11 thus does not require a judge to order a convicted defendant placed on community supervision to pay court costs, which are otherwise statutorily required.[9]

In our opinion, therefore, article 42.12, section 11 prevails over statutes other than article 42.12 that require a convicted defendant to pay certain costs, fees, and fines. The costs, fees, and fines that a court may include in its order under section 11(a)(8) are distinguishable from those fees that, pursuant to section 19, a court must impose upon a defendant placed on community supervision. The fees collected pursuant to section 19(a), which the judge must fix between $25 and $40 per month (unless the judge waives or reduces the fee), must be deposited into a special fund in the county treasury to be used to provide facilities, equipment, and utilities for a community corrections facility. *See* Code Crim. Proc. art. 42.12, § 19(a), (b).

We believe the legislative history of article 42.12, section 11(a)(8) supports our conclusion regarding the discretionary nature of court costs, fees, and fines other than the fees required by article 42.12, section 19. The language now found in subsection (a)(8) is, for our purposes, identical to that found in 1965 amendments to Code of Criminal

---

[9]Several of the statutes that require a convicted defendant to pay a cost or fee, *see supra* note 1, explicitly define conviction to include a case in which the defendant receives probation. *See, e.g.,* Gov't Code §§ 56.001(b), 415.082(c)(2); Code Crim. Proc. arts. 56.55(c)(2); 102.013(b)(2), .015(b)(2), .016(c)(2), .017(a) - (b), (c)(2), .051(f)(2), .081(d)(2). *But see supra* note 3 (stating that reference in law to "probation" means "community supervision"). As a result of our conclusion today, we believe that article 42.12, section 11(a) prevails over these statutes to the extent they appear to require a convicted defendant who is placed on community supervision to pay the costs and fees.

Procedure article 42.12, section 6(h). Prior to the 1965 amendments, article 42.12, section 6(h) provided in pertinent part as follows:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may at any time during the period of probation alter or modify the conditions and may include, but shall not be limited to, the conditions that the probationer shall:
>
> . . .
>
> h. Pay his fine, if one be assessed, in one or several sums . . . .[10]
> [Footnote added.]

In 1965 the legislature amended the Code of Criminal Procedure by "revising and rearranging the statutes of this State" pertaining to criminal cases "and by making various changes in, omissions from, and additions to such statutes. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 317 (caption of bill). The legislation was based on a completely revised code drafted by a committee of the State Bar of Texas. Fred Erisman, "Introduction to 1965 Revision Texas Code of Criminal Procedure," 1 Code Crim. Proc. XV-XXV. As part of its revisions, the legislature amended section 6(h) to add the phrase "all court costs whether a fine be assessed or not." *See* John F. Onion, Jr., *Commentary on the Revised Code of Criminal Procedure*, 28 TEX. B.J. 727, 809 (1965).

In his contemporary commentary on the revised Code of Criminal Procedure, John F. Onion, Jr., a member of the bar committee that drafted the proposed code, included the change to section 6(h) in his listing of those provisions "in which there has been some material change." *Id.* at 727. Judge Onion states that the legislature amended section 6(h) "to remove any questions about when costs were to be paid . . . and clearly permit[] payment of court costs as a condition of probation, including cost of an appointed counsel." *Id.* at 809.

Judge Onion cites article 42.12, section 11 of the Code of Criminal Procedure and two cases as background for his suggestion that, prior to 1965, article 42.12 was unclear about when costs must be paid. At that time, article 42.12, section 11 provided as follows:

> For the purpose of determining when fees are to be paid to any officer or officers, the placing of the defendant on probation shall be considered a final disposition of the case, without the necessity of

---

[10]Code Crim. Proc. art. 42.12, § 6(h), *amended by* Act of May 27, 1965, 59th Leg., R.S., ch. 722, sec. 1, § 6(h), 1965 Tex. Gen. Laws 317, 491, *renumbered by* Act of May 26, 1985, 69th Leg., R.S., ch. 554, § 1, 1985 Tex. Gen. Laws 2155, 2155, *renumbered by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, art. IV, sec. 4.17, § 11(a)(8), 1989 Tex. Gen. Laws 3471, 3505, *amended by* Act of May 27, 1993, 73d Leg., R.S., ch. 806, § 2, 1993 Tex. Gen. Laws 3207, 3209, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3725.

waiting for the termination of the period of probation or suspension of sentence.[11] [Footnote added.]

In both cases Judge Onion cites, *Ex parte Morgan*, 262 S.W.2d 728 (Tex. Crim. App. 1953), and *Ex parte Sethers*, 209 S.W.2d 358 (Tex. Crim. App. 1948), the Texas Court of Criminal Appeals determined that a defendant who had satisfied a probated sentence nonetheless may be incarcerated if the defendant had failed to satisfy costs of court. *See Ex parte Morgan*, 262 S.W.2d at 729; *Ex parte Sethers*, 209 S.W.2d at 359-60.

Considering Judge Onion's comments together with the statutory provision and cases he cites, we believe the legislature intended the 1965 amendment to the forerunner to article 42.12, section 11(a)(8) to make clear that a defendant whose sentence was probated was not required to pay otherwise mandatory court costs immediately upon conviction. Rather, the amendment makes clear that the imposition of court costs was a condition that the sentencing judge may order as a condition of probation.[12]

Moreover, our interpretation of section 11(a) is consistent with the express purpose of the statute: "to place wholly within the state courts the responsibility for determining . . . the conditions of community supervision."[13] Code Crim. Proc. art. 42.12, § 1. Conversely, a contrary conclusion would require a trial judge to impose costs that the judge may not believe will "protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *See id.* § 11(a).

Our conclusion here obligates us to reconsider Attorney General Opinion MW-184, however. In that opinion, this office addressed the collection of a court cost assessed for the benefit of the Compensation to Victims of Crime Fund, created by article 8309-1, V.T.C.S., from a convicted felon whose sentence was probated. Attorney

---

[11]Today, the substance of this section is found in article 42.12, section 19(d), although the word "probation" has been changed to "community supervision." *See supra* note 3 (discussing change from "probation" to "community supervision").

[12]One could construe these cases and Judge Onion's commentary to indicate that section 11(a)(8) permits a court to determine only when and in what size payments a defendant must pay costs of court, rather than whether a defendant must pay costs of court. The plain language of section 11(a), as well as section 1, of article 42.12 disputes this interpretation, however.

[13]Since 1957 article 42.12 and its predecessor have had, as their purpose, "to place wholly within the state courts . . . the responsibility for determining . . . the conditions of probation." *Compare* Act of April 30, 1957, 55th Leg., R.S., ch. 226, § 1, 1957 Tex. Gen. Laws 466, 466 *with* Code Crim. Proc. art. 42.12, § 1. Also since 1957, article 42.12 and its predecessor have listed as a purpose of the act "to remove from existing statutes the limitations, and questions of constitutionality, that have acted as barriers to effective systems of probations and paroles in the public interest." *Compare* Act of April 30, 1957, 55th Leg., R.S., ch. 226, § 1, 1995 Tex. Gen. Laws 466, 466 *with* Code Crim. Proc. art. 42.12, § 1. In Attorney General Opinion V-415 (1947) this office questioned the constitutionality of several provisions of the Adult Probation and Parole Law, which, with respect to the provisions relating to probation, served as the statutory predecessor to article 42.12.

General Opinion MW-184 (1980) at 1. According to the opinion, article 42.12, section 3(a) authorized a judge, after he or she had received a conviction or guilty plea,[14] to suspend the imposition of sentence. *Id.* at 2.

The opinion therefore reasoned that, under article 42.12, an adjudication of guilt, either by conviction or plea, results in a final conviction. *Id.* at 3. In a case probated under article 42.12, consequently, a court should assess costs, even a cost required by another statute, upon final conviction. *Id.*

Although Attorney General Opinion MW-184 was written after 1965, when the legislature added the phrase "all court costs" to what is now article 42.12, section 11(a)(8), it did not consider the statutory predecessor to section 11(a)(8). We hereby overrule Attorney General Opinion MW-184 to the extent it conflicts with our conclusion.

## S U M M A R Y

Article 42.12, section 11 of the Code of Criminal Procedure prevails over other statutes requiring a convicted defendant to pay certain costs, fees, and fines. Of course, section 19(a) of article 42.12 requires the judge to fix a fee to be allocated towards the cost of providing facilities, equipment, and utilities for a community corrections facility.

Pursuant to article 42.12, section 11(a)(8) of the Code of Criminal Procedure, the court with jurisdiction over a convicted defendant who is being placed on community supervision may, but need not, impose upon the defendant a requirement that the defendant pay court costs that are otherwise statutorily required. A trial judge may order that fees collected from a defendant placed on community supervision be allocated entirely for the purposes set forth in article 42.12, section 19. The total amount of the fees allocated for the purposes articulated in section 19 may not exceed the maximum stated in that section, however. Any amount collected that is greater than that permitted in section 19 must be allocated to other purposes the judge has found will protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. Furthermore, the clerk of a sentencing court must allocate the payment made by the defendant who is placed on community supervision in accordance with the trial judge's order.

---

[14]Currently, article 42.12, section 3(a) includes plea of nolo contendere as a trigger for judge-ordered community supervision.

        Attorney General Opinion MW-184 (1980) is overruled to the extent it conflicts with this opinion.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General