EX PARTE WILLIE GRIFFIN.

No. 26,462. June 3, 1953.

*Brown & Brown,* by *Wm. V. Brown, Jr.,* Texarkana, for relator.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal from the order of the district court of Bowie County refusing to discharge appellant after a hearing upon a writ of habeas corpus.

On July 7, 1952, appellant appeared in person and entered his plea of guilty before the district court of Bowie County, a jury being waived, to the charge of unlawful possession of beer for the purpose of sale in a dry area. County court jurisdiction had been conferred upon the district court of Bowie County in misdemeanor cases under the provisions of Art. 1970-306, V. A. C. S. The court found the appellant guilty as charged and assessed his punishment at six months in jail and a fine of $250, and the appellant, being present, was remanded to the custody of the sheriff of Bowie County, to be by him confined in jail until said jail time and fine and costs were discharged.

Appellant was committed to jail on July 7, 1952, and he remained therein until the trial court, purporting to act under the authority of the Adult Probation and Parole Law (Art. 781b, V.A.C.C.P.), on July 29, 1952, placed him on probation, upon certain conditions. Two of these conditions were that he report each month and that he remain and reside in Bowie County.

Appellant, having paid the $250 fine and costs, and having served twenty-two days in jail, was, on April 7, 1953, arrested and placed in jail by the sheriff of Bowie County to serve the remainder of the six months in jail assessed as part of the punishment in this case.

It was stipulated that none of the conditions of said probation had been violated and that the order placing appellant on probation had not been revoked.

In Ex Parte Hayden, 152 Tex. Cr. R. 517, 215 S.W. 2d 620, we held that the provisions of the Adult Probation and Parole Law (Art. 781b, V.A.C.C.P.), did not apply in misdemeanor cases.

No doubt, the action of the sheriff in re-arresting and placing

appellant in jail to serve the remainder of the jail term imposed was predicated upon the holding in the Hayden case, supra.

The record affirmatively reflects that appellant violated none of the conditions of the parole, but in all things faithfully kept and observed them and, if he be entitled to credit for the time he was at liberty upon parole, he has fully served the jail penalty.

The question before us then narrows itself as to whether appellant is entitled to be credited for the time he was at liberty under the parole, notwithstanding the fact that under the holding in the Hayden case, supra, the trial court was not legally authorized to grant the parole.

The conclusion expressed by the Criminal Court of Appeals of Oklahoma in Ex Parte Eley, 9 Okla. Crim Rep. 76, 130 Pac. 821, is deemed pertinent and in point, and from which we quote:

"* * * The petitioner in this case did no more than any other intelligent human being would have done under like circumstances—that is, to go home, when the court who had sentenced him, the county attorney who had prosecuted him, and the sheriff who had incarcerated him told him he could do so—and a rule could not be established, technical or otherwise, holding him to be an escapee and liable to reincarceration, without placing in the hands of county courts, sheriffs, and prosecuting attorneys the power to defeat every judgment of a court of record entered in this state, and permit them to harass and "impose upon the unfortunate members of our citizenship, who happen to be convicted and sentenced for a crime, during an endless period, by placing them in jail today and releasing them to-morrow, with or without cause, as their caprice might suggest. The petitioner in this case was in the custody of the sheriff and subject to his call at all times until the expiration of the prison sentence, and was in legal effect a 'trusty.' "

Here, the appellant complied fully with the requirements of the parole and was therefore, in so far as the terms of the parole were concerned, under some measure of restraint. His parole was granted by the trial court acting under what he construed to be color of authority. By no conduct on his part did he escape confinement for the full term adjudged. He was at hand to be reincarcerated at any time during the entire six-month period.

He accepted and performed the conditions of this parole and,

in good faith, obeyed what he thought was a valid order of the trial court.

The conclusion is reached that appellant was entitled to be credited upon his jail term for the time he was at liberty under the order of probation mentioned. Such being true, the six-month term in jail has long since expired.

The judgment refusing appellant's discharge is reversed, and he is ordered discharged from further incarceration under such judgment of July 7, 1952.

Opinion approved by the Court.