**Ex parte John Edward DOWNEY.**

**No. 44711.**

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

Roy E. Greenwood, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a habeas corpus proceeding under Article 11.07 Vernon's Ann.C.C.P. Petitioner seeks his release from confinement in the Department of Corrections where he is serving a three year sentence from Galveston County for felony theft.

A hearing was held before the Honorable L. D. Godard, Judge of the 122nd Judicial District.

Petitioner contends that he has been deprived of a certain amount of time credit toward the discharge of the Galveston County sentence. He alleges that he was mistakenly released from the Texas Department of Corrections without fault on his part and as a consequence he has been denied the right to finish his commitment in one continuous scheme of servitude. Petitioner asks that he be credited with four months and eight days, during which time he was free from custodial authority without any contributory fault on his part.

On April 29, 1970, petitioner was released from Texas Department of Corrections, the records reflecting that a four year sentence from Harris County had been discharged. Between the date of the Harris County sentence, on October 13, 1966, and the aforementioned release date, the following events occurred:

1. On January 9, 1967, the petitioner was assessed a three year probated sentence in Cause No. 3295 in the 122nd District Court of Galveston County.

2. On November 19, 1968, petitioner was paroled from the service of his Harris County sentence.

3. On November 6, 1969, petitioner's probation in Cause No. 3295 was revoked, and petitioner was sentenced to a three year term in the Texas Department of Corrections.

4. On November 20, 1969, petitioner was returned to Texas Department of Corrections as a parole violator.

When petitioner was discharged on April 29, 1970, the commitment from Galveston County, in Cause No. 3295, apparently had

not reached the Texas Department of Corrections.

Petitioner was arrested by Galveston police on September 7, 1970 on a misdemeanor charge and on December 21, 1970, petitioner was returned to Texas Department of Corrections to serve the remainder of his three year sentence.

Petitioner contends that he is entitled to credit toward the discharge of his three year sentence from Galveston County for the period beginning with his release on April 29, 1970 until his arrest on September 7, 1970. The basis of his contention is that the term of imprisonment begins from the date of sentencing and that time credit does not stop when an inmate is erroneously released from prison custody.

Petitioner contends, and we find nothing to indicate the contrary, that he was not a fugitive nor had he escaped from incarceration from April 29, 1970 until September 7, 1970.

■ The order revoking probation and imposing sentence in Cause No. 3295 makes no provision for the punishment imposed to begin when the judgment and sentence of any preceding conviction has ceased to operate. Where a court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by statute the terms of imprisonment automatically run concurrently. 42.-08 V.A.C.C.P., Ex Parte Reynolds, Tex. Cr.App., 462 S.W.2d 605. Art. 42.09, V.A. C.C.P., provides "in cases where no appeal is taken, the sentence shall begin to run on the day same is pronounced." In Ex Parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101, this court said "Except in cases of escape of prisoner after conviction, we are aware of no instances in which it has been judicially determined that he may be held in prison after the date on which his term of imprisonment would expire, counting its beginning from the date the judgment of conviction rendered became final."

The case of White v. Pearlman, 2 Cir., 42 F.2d 788 (1930), is directly in point on the question of whether petitioner is entitled to credit for the time beginning April 29, 1970, when he was discharged from Texas Department of Corrections on the Harris County sentence until September 7, 1970, when he was arrested by Galveston police on a misdemeanor charge. White held "It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part and without violation of conditions of parole, that his sentence continues to run while he is at liberty." The court, in White v. Pearlman, supra, said "A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole or some fault of the prisoner and he cannot be required to serve it in installments. Certainly a prisoner should have his chance to re-establish himself and live down his past. Yet, under the strict rule contended for by the warden, a prisoner sentenced to five years might be released in a year; picked up a year later to serve three months, and so on ad libitum, with the result that he is left without even a hope of beating his way back." We adopt the reasoning of this Tenth Circuit Opinion. See also Ex Parte Morgan, 159 Tex.Cr.R. 241, 262 S.W.2d 728 (1953); Ex Parte Griffin, 158 Tex.Cr.R. 570, 258 S.W.2d 324 (1953). Cf. Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967).

■ Petitioner is entitled to credit for four months and eight days credit toward the discharge of the Galveston County sentence in Cause No. 3295. Apparently, petitioner has served sufficient time to be released from confinement under said sentence with this credit.

The relief is granted and petitioner is ordered discharged under said Galveston County sentence.

It is so ordered.

No motion for rehearing will be entertained except for good cause shown.

Opinion approved by the Court.