**Ex parte Jack Dean TARLTON.**

**No. 61377.**

Court of Criminal Appeals of Texas, En Banc.

June 13, 1979.

Mary Anne Wiley, on appeal only, Lubbock, for appellant.

John T. Montford, Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Tarlton seeks certain good and flat time credits against his 1964 life sentence.

Tarlton was convicted on July 31, 1964, in Cause Number 9502. He gave notice of appeal which was withdrawn on September 5, 1964. He was sent to the Texas Department of Corrections (TDC) on August 20, 1964, for a parole revocation arising from a 1960 conviction. TDC was not aware of the life sentence. Tarlton was re-paroled on

November 14, 1970, and remained on parole until February 18, 1971, when his parole was again revoked. He discharged his 1960 sentence on October 21, 1971. Petitioner was arrested on June 16, 1978, and sent to TDC to begin serving his life sentence. TDC has credited Tarlton with time beginning on April 18, 1978.

The convicting court held a hearing at which the above facts were proved. The court also found

"That Defendant has not in any manner avoided or caused said commitment not to issue at its proper time."

In *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Cr.App.1976), we were confronted with an analogous situation. Esquivel had been given a life sentence in 1960 but TDC had not been informed of it. Between 1960 and 1973, Esquivel was convicted of three other felonies, sent to TDC and discharged each sentence. We observed that "absent an escape, a violation of parole or some fault on the part of the prisoner, said sentence must be continuous and the prisoner cannot be required to serve his sentence in installments." We then granted Esquivel flat time credits since 1960 and good time credits for the periods he was actually in TDC.

The holding of *Esquivel* controls the instant case. Through no fault of Tarlton's, TDC was not informed of his life sentence. Petitioner is entitled to flat time credit continuously from July 31, 1964. He is also entitled to any good time credits he was awarded while actually confined since July 31, 1964.

It is so ordered.