**Ex parte Timmy Earl GANDY.**

**No. 64753.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1980.

Kenneth A. Herridge and Lester L. May, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding.

On April 16, 1979, petitioner pled guilty to an assault charge. The court assessed his punishment at one year in jail and a $450.00 fine. According to the terms of the plea bargain, Gandy was to serve ten days in jail, to be released and then to serve the remainder of his sentence on probation. See Article 42.13, Section 3e(a), V.A.C.C.P. Gandy started serving his sentence on April 24, 1979 and was given three days credit on his sentence. An instrument in the record shows that he had served three days prior to the plea bargain, but there was evidence that would tend to contradict the proof that he had served three days in this case. In view of our disposition of the matter, this is of little or no import. On April 30, 1979, he was released and placed on probation. On April 23, 1980, he had successfully discharged the terms of probation.

On April 24, 1980, the trial judge, apparently believing that Gandy had only served seven days in jail rather than the ten days

required by Article 42.13, Section 3e(a), supra, rescinded his order placing Gandy on probation and ordered Gandy back to jail to finish his sentence. From that order, Gandy has sought relief.

It is not necessary for us to construe the terms of Article 42.13, Section 3e(a), supra. Gandy discharged his probation before the trial judge rescinded his order.

An analogous situation was faced by this Court in *Ex parte Griffin*, 158 Tex.Cr.R. 570, 258 S.W.2d 324, 325 (1953). There, the petitioner was placed on six months' probation under the authority of Article 781b, V.A.C.C.P. (1925), after having served twenty-two days in jail. This Court then held in *Ex parte Hayden*, 152 Tex.Cr.R. 517, 215 S.W.2d 620 (1948), that Article 781b, supra, did not apply to misdemeanors. Apparently acting under the authority of the *Hayden* case, Griffin was re-arrested and ordered back to jail to serve the rest of his sentence. There was no dispute that Griffin had successfully completed the six-month probationary term. The issue before the court was whether Griffin was entitled to credit for the time served on probation. This Court stated that Griffin "accepted and performed the conditions of this parole and, in good faith, obeyed what he thought was a valid order of the trial court." Relief was granted.

In the present case, Gandy has kept up his part of the probation agreement in good faith. He has successfully completed his term. Even if Gandy had not served ten days to be entitled to shock probation, under the facts of this case he is entitled to relief.

Relief is granted and petitioner is ordered discharged from further incarceration in this cause. No motion for rehearing will be entertained.

ONION, P. J., concurs in the result.