**Ex parte Joe Michael HURD.**

**No. 66838.**

Court of Criminal Appeals of Texas, En Banc.

April 8, 1981.

OPINION

TEAGUE, Judge.

This is a post-conviction application for writ of habeas corpus that is before this Court pursuant to Art. 11.07, V.A.T.C.C.P.

The commencement of this cause, by the record on appeal, was on November 22, 1972, when petitioner was convicted of two felonies and assessed two five-year sentences to be served in the Texas Department of Corrections, hereinafter referred to as T.D.C., with both sentences to be served concurrently. No appeal was taken from these two convictions and petitioner was transferred to T.D.C. Petitioner remained incarcerated in T.D.C. until January 10, 1975, when he was paroled by the State of

Texas. The parole was short lived as he was again convicted and sentenced to three years' confinement in T.D.C. on September 22, 1975, for two new felony offenses committed on March 18, 1975 and April 12, 1975. These sentences were also to be served concurrently. Petitioner appealed these convictions to this Court and they were affirmed on October 11, 1978.

We are told by the "master's" findings[1] that petitioner was arrested for "a parole violation" on October 21, 1975, in Harris County and was thereafter transferred to T.D.C.

By the record, we learn that in 1975, if a person went to court in Harris County and was convicted, but put his case on appeal, and his sentence was 15 years or less then, if the person were in the Harris County jail, the District Clerk's office of that county *did nothing* as far as notifying the Harris County Sheriff's office of what happened in court.[2]

Our mandates of affirmance were subsequently received by the Harris County District Clerk's office on October 31, 1978.

At this point, we summarize the above:

11/22/72 Petitioner was sentenced to five years' confinement in T.D.C. and was transferred from Harris County to T.D.C.

1/10/75 Petitioner was released on parole from T.D.C.

9/22/75 Petitioner was again sentenced on new cases to three years in T.D.C., but this time he put his cases on appeal, but did not make the bail set and remained incarcerated in Harris County until 10/21/75.

10/21/75 Petitioner was returned to T.D.C. as a parole violator.

2/6/76 Petitioner was released from T.D.C. because he discharged his 1972 sentences. By a certificate signed by the chief of the records of T.D.C., no 'detainers' were lodged against him.

10/27/78 Mandates from the Court of Criminal Appeals issued.

10/31/78 The mandates were received by the Harris County Clerk's office from this Court.[3]

We also learn from the hearing held before "the master" that petitioner was confined at the "Harris County Detention Center" and it was the "detention center's" function or duty or responsibility to request that a "detainer" be lodged by T.D.C. officials on behalf of Harris County against the inmate, as the "detention center" was where "the chain was pulled" and the trip to T.D.C. began.[4]

However, the "detention center" would not necessarily know that a "detainer" should be lodged against an inmate by T.D.C. officials due to the fact that, unless they received a "delivery order" from the clerk of the court, they would not know to request T.D.C. to put a "detainer" against an inmate.

The Clerk's office has the responsibility to prepare the "commitment and delivery order," but, in reference to the 1975 convictions, this order was not prepared because, as the clerk of the court tells us through his testimony, if a defendant put his case or cases on appeal and did not request a trans-

1. This Court, of course, is not bound by the findings of the trial judge in Art. 11.07, *supra*, matters, but they are considered if supported by the record, see *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967); *Ex parte Garcia*, Tex. Cr.App., 548 S.W.2d 405 (1977).

2. Other exceptions were if the defendant did not sign a request to be transferred to T.D.C. and remained in the Harris County jail, or if the defendant was released on an appeal bond, then the Clerk's office did not notify the Sheriff's office of any court action on a defendant.

3. By the records of the Harris County District Clerk's office, entry was made in one cause as

to when our mandate was received but in the other cause, if one read the file, the case would still be on appeal, as it does not reflect when that mandate was received. The dates mentioned in the summary are taken from official records of this Court and of T.D.C.

4. Harris County has a downtown jail and a non-downtown jail, formerly called "the rehabilitation center," but now called "the Harris County detention center," or more simply referred to as "the detention center." We use the terms interchangeably.

fer to T.D.C. and received no more than 15 years, even if he remained incarcerated in the Harris County jail, no "delivery order" was prepared. Although the Harris County Clerk's office received our mandates on October 31, 1978, it was not until November 6, 1978 that an alias capias or warrant for petitioner's arrest issued. Petitioner's whereabouts were then unknown. However, by the record, no communications between the clerk's office or the Sheriff's office or T.D.C. ever occurred.[5]

Petitioner tells us through his testimony that when he returned to T.D.C. on October 21, 1975, he was under the "assumption" he was sent there to complete serving his 1972 sentences, as well as his 1975 sentences. But he, as well as T.D.C., was unaware of the cases then pending in this Court and the upcoming "warrants in nubibus."[6] So, on February 6, 1976, T.D.C. officials released petitioner as he had discharged the sentences they showed he was serving.

Petitioner was thereafter arrested in the State of Utah on August 28, 1980, when his "warrants in nubibus" vested, and returned to Harris County 16 days later. Thereafter, through the cooperative efforts of the trial judge, Hon. Thomas Routt; a "master" appointed by the trial court, Fred Dailey; petitioner's counsel, Sharon E. Fobbs; and two members of the Harris County District Attorney's office, Susan Spruce and Don Smyth, petitioner is before this Court.

In *Ex parte Esquivel*, Tex.Cr.App., 531 S.W.2d 339 (1976), and *Ex parte Tarlton*, Tex.Cr.App., 582 S.W.2d 155 (1979), we observed that "absent an escape, a violation of parole or some fault on the part of the prisoner, a sentence must be continuous and a prisoner cannot be required to serve his sentence in installments." Through no fault of Hurd or T.D.C., T.D.C. was not informed by Harris County when he was returned to T.D.C. on October 21, 1975. In *Tarlton*, supra, the petitioner received a life sentence, which he then placed on appeal but withdrew it on September 5, 1964. Prior thereto, on August 20, 1964, he was transferred to T.D.C. for a parole revocation, but T.D.C. was never made aware of the life sentence or its status. Seven years after he discharged the sentence for which he was placed on parole, which was subsequently revoked, his "warrant in nubibus," vested and, as a result thereof, Tarlton commenced serving his sentence. This Court ruled unanimously that Tarlton was entitled to flat time credit continuously from July 31, 1964, the date of his sentence. In *Esquivel*, supra, the facts showed that on May 3, 1960, Esquivel received two sentences, one for five years and one for life imprisonment. He did not appeal the five-year sentence but did appeal the life sentence. Even though his appeal was affirmed by this Court while he was incarcerated in T.D.C., when he completed the five-year sentence he was released by T.D.C. officials as they were unaware of the mandate of this Court as it was not then filed with the Bexar County District Clerk's office. Esquivel made two more trips to T.D.C. because of new convictions and was discharged from T.D.C. without his "warrant in nubibus" vesting. Thirteen years

---

5. Although we address ourselves in the opinion only to the two three-year sentences, by petitioner's appellate brief in the causes appealed, there were actually three separate sentences, but one was predicated upon a void theft indictment and that cause was apparently dismissed by the trial court as no mention is made about same in this record. Interestingly, the brief was filed by the District Clerk on September 14, 1977, and appointed counsel stated in the brief: "The Defendant has been released from the Texas Department of Corrections for approximately 18 months and no one knows his whereabouts ..." A copy of the brief was "hand-carried" to the then District Attorney, Hon. Carol S. Vance. No brief was filed by his office but on September 19, 1977, an instrument denominated "Waiver by the State of any remaining statutory time in which to file its appellate brief in the trial court and motion to transfer appellate record," was filed with the Clerk of the court and on September 20, 1977, the trial court ordered the record delivered to this Court and this Court thereafter affirmed both causes. By our records, the State never filed a brief in these causes. See our causes entitled *Hurd v. State*, Nos. 56,786 and 56,787.

6. Although this is a term used in the law of future interests, we think it aptly describes where the warrants of arrest were then located—among the clouds.

later, our mandate was finally filed in the Bexar County District Clerk's office, whereby Esquivel's "warrant in nubibus" later vested on him. This Court ruled unanimously that Esquivel was entitled to flat time credit continuously from May 3, 1960, the date of his sentence.

Based upon the above cases, and the facts here, we hold that petitioner is entitled to flat time credit continuously from September 22, 1975, the date he was sentenced on the three-year cases. When the terms of imprisonment run concurrently, as in the case at bar, the sentences shall begin to run on the same day they are pronounced. *Tarlton*, supra, at page 341. Petitioner has more than served his two three-year sentences.

For the reasons stated, petitioner's writ of habeas corpus is granted and petitioner is ordered released from any further confinement for the sentences imposed in those causes entitled *The State of Texas v. Joe Michael Hurd*, bearing cause numbers 228,-243 and 228,883, from the 208th Judicial District Court of Harris County, Texas.

It is so ordered, and a copy of this opinion shall be sent to the Texas Department of Corrections.

No motion for leave to file motion for rehearing or motion for rehearing will be entertained in this cause and the mandate of this Court shall issue immediately.

ROBERTS, DALLY and CLINTON, JJ., concur.