**Laurie Odom PATTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01226–CR.**

Court of Appeals of Texas, Dallas.

Sept. 22, 1986.

Douglas H. Parks, Dallas, for appellant.

Elizabeth L. Phifer, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

HOWELL, Justice.

Laurie Odom Patton timely requested "shock" probation, but the trial court did not rule upon her motion until after its jurisdiction had expired, when it granted appellant's request and caused her release. She was later returned to the penitentiary for violating the terms of her probation. She appeals the probation revocation contending that she should have continuous credit for the time that she was at liberty because the probation order was void. We hold that appellant's erroneous release was through no fault of her own and that her claim for continuous time credit on her sentence should be granted.

On April 4, 1983, appellant was sentenced to serve three years in the penitentiary as punishment for a third-degree felony theft. Twenty-five days later, her attorney filed a motion requesting that the trial court suspend further execution of appellant's sentence and place her on probation. Apparently because no action was being taken on her attorney's motion, appellant filed a second, *pro se* motion on August 9. On October 21, the trial court entered an order placing appellant on probation, and appellant was released from custody. She remained at liberty until October 3, 1985, when she was arrested for violating the conditions of her probation. Appellant pleaded that these allegations were true; her probation was revoked; and this appeal ensued. Appellant now contends that the probation order was void for want of jurisdiction and that she should have credit for the time that she was on release from the penitentiary.

When jail or penitentiary confinement constitutes part of a person's punishment, the State must allow the person to serve the jail or prison term in one continuous period rather than in installments.

[Otherwise, i]t would place in the hands of those charged with enforcing the law the power to keep a prisoner in a form of peonage by requiring him to serve his sentence at whatever times and for such length of time as the whim of the officer might dictate.

*Ex parte Morgan,* 159 Tex.Crim.R. 241, 262 S.W.2d 728, 731 (1953) (opinion on rehearing). Therefore, if a prisoner or inmate is erroneously released from confinement, the time spent while at large applies in satisfaction of that person's sentence "unless it is shown that a premature or unlawful release occurred through some fault on the part of the prisoner or inmate." *Ex parte Morris,* 626 S.W.2d 754, 756 (Tex.Crim.App.1982). In deciding whether appellant is entitled to the benefit of the "one continuous period of discharge" rule, we must first decide if her release

was erroneous and then decide if she was responsible for the error.

The shock probation statute fixes strict time limits for the trial court:

> [T]he jurisdiction of a court in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction (of a felony) shall continue for 180 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 180 days from *the date the execution of the sentence actually begins,* the judge of the court that imposed such sentence may on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation ..., if in the opinion of the judge the defendant would not benefit from further incarceration....

Tex.Code Crim.Proc.Ann. art. 42.12, § 3e(a) (Vernon Supp.1986) (emphasis added). The "date the execution of the sentence actually begins" is pivotal because the trial court's jurisdiction is calculated from that date. The Court of Criminal Appeals has stated that, if probation is granted either *before* the expiration of 60 days from that date, *Stasey v. State,* 683 S.W.2d 705, 707 (Tex.Crim.App.1985),[1] or *after* the expiration of 180 days from that date, it is *void* for want of jurisdiction. *State ex rel. Bryan v. McDonald,* 642 S.W.2d 492, 494 (Tex.Crim.App.1982); *Tamez v. State,* 620

S.W.2d 586, 589 (Tex.Crim.App.1981); *Houlihan v. State,* 579 S.W.2d 213, 219 (Tex.Crim.App.1979).

■ Appellant's sentence began on April 4. Under section 3e, the trial court could have granted probation at any time between June 4, and October 1, 1983. However, the trial court did not act on appellant's motion until October 21. Under these facts, the State concedes that the trial court had lost jurisdiction to act on appellant's request. Accordingly, we hold that the probation order was void ab initio and that appellant's release pursuant to that order was erroneous.

We now turn to the question of whether appellant was at fault for her erroneous release. The State contends that we should answer this inquiry affirmatively, because appellant was a "moving factor" in her erroneous release. The Court of Criminal Appeals has expressly rejected the "moving factor" analysis because it "penalize[s] a defendant for asserting [a] statutory right." *Stasey,* 683 S.W.2d at 708. Stasey had filed a motion for shock probation before the requisite 60 days had expired but expressly requested that probation be granted on the date that the sixty-day "shock" period expired. The trial court granted Stasey's request prematurely. Of course, Stasey availed himself of the premature ruling without complaint until his probation was later revoked, when he contended that the probation order was

---

1. While the language of section 3e admits no doubt that the trial court's jurisdiction to grant probation expires after the 180th day from the date the sentence commences, we question whether the court actually meant to say in *Stasey* that *premature* action was void for want of jurisdiction. If it were truly void, as opposed to being merely erroneous, then Stasey would have been entitled to credit for the entire duration of his release because he was found to have not been at fault for the court's having granted the probation prematurely and because the mere passage of time, without more, would not breathe validity into a void order. However, the court credited Stasey not with the entire duration of his release but only for the number of days by which his release preceded the 60th day.

Further, the court's characterization of premature probation as void overlooks the plain language of the first sentence of section 3e. We view the sentence, which states that probation may be granted after the 60th day, as a procedural directive rather than a limitation on jurisdiction. Although the statute then before the court granted jurisdiction for 120 rather than 180 days, Judge Clinton apparently noted the distinction here being made when he observed that the legislature "[P]lainly and unequivocally ... sought to accomplish *two* purposes: One, to *expand jurisdiction* for 120 days, and, two, to *require a ruling* by the court in the second 60 day period." *Houlihan v. State,* 579 S.W.2d 213, 219 (Tex.Crim.App.1979) (emphasis added). The provision of the second sentence that probation may be granted after the 60th day and before the expiration of the 180th day, does not speak in terms of jurisdiction.

void and claimed credit for the time that he was at large upon the allegedly void order. The court held:

A defendant should not be penalized if the relief he requests is proper and only through the improper actions of the trial court does the order become void. Thus, if a defendant, who is statutorily eligible for shock probation, requests that the trial court consider his motion within the statutorily defined time limits, and the trial court unilaterally, but erroneously, grants the probation, the defendant is entitled to credit for the time between premature release and the date jurisdiction to grant shock probation attaches.

*Id.*

 It appears to us that the court in *Stasey* undertook to redeclare the law on the point in hand. Therefore, we disregard prior cases and rely exclusively on its reasoning. *Stasey* holds that an inmate who is erroneously granted probation is entitled to credit upon his sentence for the time he was at large if his request for probation was proper, but the granting of the request was improper solely because of the action —or, as here, inaction—of the trial judge. This reading is consistent with *Ex parte Morris*, 626 S.W.2d at 756, holding that "[a] sentence must be continuous and a prisoner or inmate cannot be required to serve [the] sentence in installments, unless it is shown that a premature or unlawful release ... resulted or occurred through some fault of the prisoner or inmate."

 From the record before us, we can find nothing to indicate that appellant was in any way responsible for causing the error in her release. She was entitled to request shock probation. *Cf. Adams v. State*, 610 S.W.2d 780, 781–82 (Tex.Crim. App.1981) (where an inmate not eligible in any event requested and received shock probation, he was properly denied credit because he was at fault by virtue of his improper request). Presently, appellant requested probation when she could have reasonably expected that the trial court would act within the time limitations placed upon its jurisdiction to grant probation. She filed her request both while the trial court had jurisdiction to grant probation and while it had an ample time (52 days) to consider and rule upon her request for shock probation. Finally, the State does not contend and there is no evidence before us to show that appellant caused the delay which invalidated the probation order. Applying *Stasey* we conclude that the infirmity in the trial court's order resulted solely from the inaction of the trial court and not through the fault of appellant. Accordingly, appellant is entitled to credit against her sentence for the number of calendar days during which she was erroneously released from prison.

We limit our holding, however, to the facts in hand. We do not intimate the outcome when the motion is so late that the trial court could not reasonably be expected to rule before its jurisdiction expired. We reserve judgement on that situation until a later case.